# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  26-00262-01-CR-W-SRB |
| | ) | |
| JORDAN ANDREW DERRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 28, 2026, the Grand Jury returned a four-count Indictment charging Defendant Derrick.  (Doc. 23)  Defendant was arraigned on June 5, 2026.  (Doc 29)

On July 6, 2026, Defendant filed a motion for a continuance of the August 10, 2026, trial setting, seeking trial setting, seeking a setting on the October 19, 2026, trial docket.[1]  (Doc. 32) On the same date, Defendant filed a separate motion seeking a continuance of  30 to 60 days for the pretrial motion deadline.  (Doc 33)  In support of the motion Defense Counsel states that he is still in the process of reviewing extensive discovery.   (Doc. 32)  Neither the Government nor Defendant object to this continuance request.[2]  (Docs. 32, 33)

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last.  18 U.S.C. § 3161(c)(1) (Speedy Trial Act).  In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be

---

[1] Defendant's motion references a continuance of the pre-trial conference and jury trial dates for 30 to 60 days, however, in an email dated July 7, 2026, Defense Counsel clarified that he is requesting a continuance to the October trial docket.

[2] The positions of both Defendant and the Government were confirmed via emails dated July 7, 2026.

excluded.  Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding.  *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect Defense Counsel to prepare this case adequately for trial prior to October 19, 2026, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, and thus, would deny the defendant a right to effective assistance of counsel.  The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.  Accordingly, it is

ORDERED that Defendant Derrick's motion for continuance is granted.  (Doc. 32)  This case is removed from the Joint Criminal Trial Docket which commences on August 10, 2026, and is set for trial on the Joint Criminal Jury Trial Docket which commences on October 19, 2026.  It is further

ORDERED that Defendant Derricks motion for an extension of the pretrial motions deadline is granted.  (Doc. 33)  The deadline for filing pretrial motions is extended until August 7, 2026.  It is further

ORDERED that a pretrial conference is set for September 30, 2026.  The time of the conference will be provided later.  It is further

ORDERED the time between the date of this Order and October 30, 2026, the last day of the October 19, 2026, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE

3